IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEUTRAL TANDEM, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>PEERLESS NETWORK, LLC, PEERLESS NETWORK of ILLINOIS, LLC, and JOHN BARNICLE,<br><br>             Defendants. | No. **FILED: JUNE 12, 2008**<br>**08CV3402**<br>**JUDGE ASPEN**<br>**MAGISTRATE JUDGE VALDEZ**<br>**AEE** |

**COMPLAINT FOR PATENT INFRINGEMENT AND INDUCED INFRINGEMENT**

Plaintiff Neutral Tandem, Inc. ("Neutral Tandem"), by its undersigned attorneys, upon knowledge with respect to its own acts and upon information and belief as to other matters, demands a jury trial on all issues triable to a jury in this matter and brings this action for patent infringement against Defendants Peerless Network, LLC ("Peerless") and Peerless Network of Illinois, LLC ("Peerless Illinois"), and induced infringement against Defendant John Barnicle ("Barnicle"). In support of its claims, Neutral Tandem alleges as follows:

**NATURE OF THE ACTION**

1.     This action relates to Neutral Tandem's U.S. Patent No. 7,123,708 B1 directed to a neutral tandem telecommunications network providing transiting, terminating, and advanced traffic routing services to public and private carrier networks.

**PARTIES AND JURIDICTION**

2.     Plaintiff Neutral Tandem is a Delaware corporation having its principal place of business at One South Wacker Drive, Suite 200, Chicago, Illinois 60606.

3. Upon information and belief, Defendant Peerless is a limited liability company organized under the laws of the state of Delaware having its principal place of business at 645 N. Kingsbury, Suite 1302, Chicago, Illinois 60610.  Upon information and belief, Peerless operates its business through wholly-owned subsidiaries in at least seventeen states.

4. Upon information and belief Peerless operates its business in Illinois through Defendant Peerless Illinois, which has its principal place of business at 645 N. Kingsbury, Suite 1302, Chicago, Illinois 60610.  Peerless and Peerless Illinois are conducting the acts of infringement complained of within this judicial district.

5. Upon information and belief, Defendant Barnicle is a resident of Cook County, Illinois and is currently the Chief Executive Officer and Managing Member of Peerless and Peerless Illinois.  Barnicle is conducting the acts of infringement complained of within this judicial district.

6. Defendant Barnicle was the president and chief operating officer of Neutral Tandem and was employed at Neutral Tandem from approximately February 2003 through approximately October 2005.

7. This patent infringement action arises under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over the Defendants based on the above allegations.

9. Venue properly lies in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**THE PATENT IN SUIT**

10. Neutral Tandem is owner of the entire interest in and to U.S. Patent No. 7,123,708 B1, entitled "Neutral Tandem Telecommunications Network Providing Transiting, Terminating, and Advanced Traffic Routing Services to Public and Private Carrier Networks" (the "708 Patent"). The 708 Patent was issued on October 17, 2006 by the United States Patent and Trademark Office. A true and correct copy of the 708 Patent is attached hereto as Exhibit A.

11. The 708 Patent generally discloses and claims a switching network for routing telecommunications transit traffic between public and private wireline and wireless telephone carrier networks and the method for establishing and operating this network.

12. Generally, there are two types of providers of local exchange telecommunications services: incumbent local exchange carriers ("ILECs"), such as AT&T, and competitive wireless and wireline telecommunications carriers ("CLECs"), such as Sprint. Prior to the 1990s, when federal legislation was enacted to open telecommunications markets to competition, ILECs enjoyed a monopoly over the provision of local exchange services. Since the 1990s, more and more CLECs have been providing local exchange services.

13. However, CLECs wishing to provide local exchange services traditionally had to pay for access to the ILECs networks, so that all calls coming from and going to the CLECs' customers could be completed.

14. Similarly, competitive inter-exchange carriers ("IXCs") wishing to provide toll service traditionally had to pay for access to the ILECs' networks, so that all calls coming from the IXCs' customers could be completed.

15. The 708 Patent discloses a network arrangement allowing for telephony and related traffic that originates with an end user on one CLEC's or IXC's network to be delivered

for termination to an end user served by another CLEC's or IXC's network, without the need for using the ILECs' existing tandem transit network.

16. Prior to the development of Neutral Tandem's technology, the sole providers of tandem transit services were ILECs. Thus, Neutral Tandem was the first to develop the technology necessary for a competitive provider to successfully enter the tandem transit market.

17. In order to provide its competitive tandem transit service, Neutral Tandem directly connects to each of its competitive carrier customers. Neutral Tandem also is directly connected to the ILECs in the regions where it operates.

18. Neutral Tandem's development of the technology disclosed and claimed in the 708 Patent fosters competition amongst competitive carriers and the ILECs. With its network and method, Neutral Tandem both lowers competitive carriers' costs to provide service, as well as reduces their dependence on the ILECs.

19. For example, individual carriers realize significant savings and efficiencies because Neutral Tandem generally provides and manages the entirety of the interconnection transport and switching facilities between it and its carrier customers, whereas the ILECs require carriers to provide and manage these interconnection facilities. Neutral Tandem also generally provides and manages the entirety of the interconnection transport and switching facilities between Neutral Tandem and its terminating carriers. Thus, through the development of its technology disclosed and claimed in the 708 Patent, Neutral Tandem reduces the overall transit cost for its customers, compared to using the ILECs' services.

20. Furthermore, a carrier's ability to lower costs through use of Neutral Tandem's network benefits consumers in Illinois and throughout the country. Specifically, Neutral Tandem enables facilities-based carriers to lower their service costs, facilitating lower end user rates.

21. The 708 Patent's technology is also critical to network redundancy and reliability, homeland security, and disaster recovery. Neutral Tandem hardens the PSTN infrastructure by creating an additional, separate path for termination of telephone calls between carriers, which can be utilized if the ILEC path becomes unavailable.

**DEFENDANTS' INFRINGEMENT OF THE 708 PATENT**

22. Defendant Barnicle was employed at Neutral Tandem from approximately February 2003 through approximately October 2005 as Neutral Tandem's president and chief operating officer. In his position as president and chief operating officer, Barnicle had access to and detailed knowledge of Neutral Tandem's intellectual property and business plan.

23. Upon information and belief, since leaving Neutral Tandem, Barnicle has founded Peerless and become its chief executive officer.[1]

24. Upon information and belief, Barnicle founded Peerless in order to make, use, sell and/or offer to sell tandem switching networks and related products and services using the same technology developed and patented by Neutral Tandem.

25. Upon information and belief, Peerless and Barnicle already have begun development of a tandem switching network using Neutral Tandem's technology and intellectual property. Upon information and belief, Peerless and Barnicle have purchased or otherwise acquired the use of switches, fiber optic cables and related hardware for development of Peerless's switching network.

26. Upon information and belief, Peerless and Barnicle already have contacted at least two of Neutral Tandem's existing customers and requested direct interconnection agreements with such customers.

---

[1] Unless noted, the term "Peerless" hereafter will include both Peerless and Peerless Illinois.

27. Upon information and belief, Peerless and Barnicle have entered into interconnection agreements with multiple ILECs, including Illinois Bell, and have pending requests to enter into such agreements with other ILECs.

28. Upon information and belief, Barnicle, as Peerless's chief executive officer, is directing and controlling Peerless's efforts to provide tandem transit services to Neutral Tandem's customers.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,123,708 B1

29. Neutral Tandem repeats and realleges each of the allegations in paragraphs 1-28 of the Complaint.

30. Subsequent to the issuance of the 708 patent, Peerless has made or used a neutral tandem network embodying the patented invention and/or sold or offered to sell tandem transit service in a manner covered by the patented invention.

31. Peerless has infringed the 708 patent either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271. Peerless's infringing activities include its manufacture and/or use of a neutral tandem network and/or its offer for sale or its sale of tandem transit service utilizing a neutral tandem network in the United States.

32. Peerless does not have any license or authorization to use the inventions described and claimed in the 708 patent.

33. Peerless's acts of infringement have been and continue to be willful and wanton.

34. Neutral Tandem has been damaged in an amount not yet determined as a consequence of the infringing activities of Peerless described herein. Neutral Tandem has been and/or will be irreparably harmed by Peerless's patent infringement. Neutral Tandem will continue to suffer damages and irreparable harm until this Court enjoins Peerless from further infringement of the 708 patent.

## COUNT II: INDUCED INFRINGEMENT

35. Neutral Tandem repeats and realleges each of the allegations in paragraphs 1-34 of the Complaint.

36. Defendant Barnicle has directed and controlled and is directing and controlling the activities of Peerless while knowing that those activities infringe the 708 patent. In so doing, Barnicle has actively aided and abetted Peerless's infringement of the 708 patent.

37. Defendant Barnicle's conduct was and is deliberate and knowing and was carried out with the specific intent of encouraging Peerless's infringement of the 708 patent.

38. Upon information and belief, Defendant Barnicle knew or should have known that his conduct induced and is inducing Peerless's infringement of the 708 patent.

39. Neutral Tandem has been damaged in an amount not yet determined as a consequence of the Barnicle's infringing activities described herein. Neutral Tandem has been and/or will be irreparably harmed by Barnicle's inducing Peerless's patent infringement. Neutral Tandem will continue to suffer damages and irreparable harm until this Court enjoins Barnicle from inducing further infringement of the 708 patent.

## RELEIF REQUESTED

WHEREFORE, Plaintiff Neutral Tandem prays for relief against Defendants as follows:

a. Enter a judgment that Defendants Peerless and Peerless Illinois have directly infringed the 708 patent;

b. Enter a judgment that Defendant Barnicle has actively induced others to infringe the 708 patent;

c. Enter a judgment that said infringement of the 708 patent was and continues to be willful and wanton;

      d.      Award Neutral Tandem damages adequate to compensate for past infringement by Defendants in the amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and wanton nature of the infringement;

      e.      Enter a permanent injunction against Defendants Peerless, Peerless Illinois and Barnicle and any officers, agents, servants, attorneys, subsidiaries, affiliates, and other persons in active concert or participation with Defendants, enjoining Defendants from further infringement of the 708 patent;

      f.      Declare this case an exceptional case under 35 U.S.C. § 285, and award Neutral Tandem its attorneys' fees incurred in this action;

      g.      Award Neutral Tandem its costs of this action, interest on the award and other charges to the maximum extent permitted; and

      h.      Award Neutral Tandem any other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial herein.

Dated: June 12, 2008

Respectfully submitted

NEUTRAL TANDEM, INC.

      /s/ John R. Harrington
By: _____
John R. Harrington
Daniel J. Schwartz
Joseph A. Schouten
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 222-9350

Attorneys for Plaintiff,
NEUTRAL TANDEM, INC.