IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEUTRAL TANDEM, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>PEERLESS NETWORK, INC., PEERLESS NETWORK of ILLINOIS, LLC, and JOHN BARNICLE,<br><br>                Defendants.<br>――――――――――――――――――――<br>PEERLESS NETWORK, INC., PEERLESS NETWORK of ILLINOIS, LLC, and JOHN BARNICLE,<br><br>                Counterclaim Plaintiffs,<br><br>     v.<br><br>NEUTRAL TANDEM, INC.,<br><br>                Counterclaim Defendant. | No. 08-CV-3402<br><br><br><br>Judge John W. Darrah |

**NEUTRAL TANDEM'S NOTICE OF PATENT AND TRADEMARK OFFICE RULING AND MOTION TO REINSTATE TRIAL DATE**

Plaintiff/Counterclaim Defendant Neutral Tandem, Inc. ("Neutral Tandem"), by and through undersigned counsel, respectfully submits this notice of the June 30, 2010 ruling issued by the United States Patent and Trademark Office ("PTO"). As discussed below, the PTO has not suspended the reexamination proceeding, but rather has found it "appropriate to continue both [the reexamination and litigation] proceedings to obtain the results and benefits of each, as they accrue." (Ex. 1, at 6.) Indeed, the PTO has made clear that the "reexamination and litigation proceedings are not duplicative" and that "it is appropriate that they both continue at

the same time." (*Id.*) The PTO also has noted that "as the two proceedings progress, any information that comes to light in one may be applied to the other." (*Id.*)

In light of the PTO's clear directive (which is entirely consistent with the Federal Circuit's approach) that this litigation should continue at the same time as the reexamination proceeding, Neutral Tandem requests that this Court reinstate the September 27, 2010 date which, until recently, was the date on which trial was scheduled to commence. In further support, Neutral Tandem states as follows:

1. On April 15, 2009, this Court issued a Scheduling Order establishing September 27, 2010 as the date on which trial was to commence in this case. (Dkt. 62.) The Court reaffirmed the September 27, 2010 trial date in an Amended Scheduling Order entered on January 19, 2010. (Dkt. 178.) The Court's January 19, 2010 Order directed that summary judgment briefing be completed by July 2, 2010, and established a summary judgment ruling date of August 26, 2010. (*Id.*)

2. On April 20, 2010, Defendants/Counterclaim Plaintiffs Peerless Network, Inc., et al. ("Peerless") filed a motion to stay all proceedings in this case, pending the completion of reexamination proceedings at the PTO. (Dkt. 219.)

3. The Court heard argument on Peerless's motion on April 27, 2010. During that hearing, the Court acknowledged that it was concerned about the multi-year delay that would result if Peerless's motion were granted. (Ex. 2, Apr. 27, 2010 Tr., at 4:18-19.) The Court also expressed concern about the impact of having the litigation proceed at the same time as the reexamination, including concern about the possibility of inconsistent results. (*Id.*, at 8:8-11, 9:6-14.) Ultimately, the Court denied Peerless's motion, without prejudice, on April 27, 2010. (Dkt. 222.)

4.  On May 28, 2010, the parties filed cross-motions for summary judgment. (Dkt. 233; Dkt. 237.) Thereafter, on June 1, 2010, Peerless filed a "renewed" motion to extend the trial date or to stay proceedings, pending the completion of reexamination proceedings at the PTO. (Dkt. 240.)

5.  On June 8, 2010, the Court heard argument on Peerless's "renewed" motion. Thereafter, the Court issued an Order vacating the September 27, 2010 trial date. (Dkt. 248.) In the same Order, the Court directed the parties to complete briefing on summary judgment motions by July 16, 2010, and re-set the summary judgment ruling date from August 26, 2010 to September 1, 2010. (*Id.*)

6.  During the hearing on Peerless's "renewed" motion, the Court noted that it was "very concerned as to what the PTO is going to do with the motion to suspend – the request to suspend the reexamination." (Ex. 3, June 8, 2010 Tr., at 3:20-22.) The parties apprised the Court that the PTO had not yet ruled on Neutral Tandem's request to suspend the reexamination, and the Court gave the parties leave to bring any ruling to the Court's attention. (*Id.*, at 10:6-9.)

7.  On June 30, 2010, the PTO issued its decision dismissing the request to suspend reexamination proceedings. (Ex. 1.) The decision makes clear that the PTO expects this litigation to progress while reexamination proceeds. Indeed, the PTO clearly found that the continued progression of this litigation is not only beneficial to the PTO, but also supported by the Federal Circuit's preferred approach to situations in which litigation and reexamination proceedings are both pending.

8.  Specifically, the PTO held that "reexamination and litigation proceedings are not duplicative; ***thus, it is appropriate that they both continue at the same time***." (Ex. 1, at 6) (emphasis added.) The PTO specifically found that any possibility of inconsistent results

3

provides no basis not to continue both proceedings. Among other things, the PTO noted that the processes and standards applied to validity determinations in reexamination proceedings differ markedly from the processes and standards applied to determine validity during litigation. (*Id.*) As a result, district courts and the PTO could, under governing Federal Circuit precedent, "on the same evidence . . . quite correctly come to different conclusions." (*Id.*) After reviewing the seminal Federal Circuit precedent regarding this issue, the PTO concluded that:

> The [Federal Circuit's] decisions show that the Federal Circuit's view of the different standards for reexamination and litigation are firmly in place. ***It is appropriate to continue both proceedings to obtain the results and benefits of each, as they accrue.*** Further, as the two proceedings progress, any information that comes to light in one may be applied to the other.

(*Id.*) (emphasis added).

9. The PTO's analysis is hardly novel or surprising. Rather, the Federal Circuit has long made clear that there is nothing inconsistent or incongruous about having litigation over invalidity issues proceed to conclusion while a reexamination is pending. In *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), the Federal Circuit observed that:

> The thought that a PTO decision may unnecessarily complicate the litigation and could create an awkward situation if different conclusions are reached overlooks that challenging validity in a court and requesting PTO reexamination are concepts not in conflict. . . . The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real.

*Id.*, at 1428 (internal quotation omitted); *see also Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008).

10. *Ethicon* and other Federal Circuit cases make clear that "a district court may allow a case to move forward while reexaminations are underway since the functions of the courts and the Patent Office are very different and are concepts not in conflict." *Touchtunes*

*Music Corp. v. Rowe Int'l Corp.*, __ F.Supp.2d __, 2009 WL 4884164, at *8 (S.D.N.Y. Dec. 15, 2009) (internal quotation omitted).  Thus, federal courts routinely proceed with patent infringement cases in which invalidity issues have been raised, at the same time the PTO considers the same issues during a reexamination proceeding.  Indeed, federal courts routinely conduct jury trials concerning those invalidity issues while reexamination is pending regarding the same issues.  *See, e.g., Amphenol T & M Antennas, Inc. v. Centurion Int'l, Inc.*, No. 00-C-4298, 2002 WL 32373639, *1 (N.D. Ill. Jan. 17, 2002); *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 356 (D. Del. 2009); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 907 (N.D. Iowa 2009); *Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2009 WL 3822694, *2 (S.D. Cal. Nov. 13, 2009); *Tyco Healthcare Group LP v. E-Z-Em, Inc.*, No. 2:07-CV-262 (E.D. Tex. June 8, 2010); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342-43 (Fed. Cir. 2009).

11.     Reinstating the September 27, 2010 trial date is particularly appropriate in this case, given that virtually all work other than trial already has been completed.  As noted above, summary judgment briefing will be completed on July 16, 2010 – barely one week after this motion is heard.  The Court is scheduled to issue a ruling on the parties' summary judgment motions on September 1, 2010.  Other than trial, there is virtually nothing left to do to bring this litigation to resolution.[1]

---

[1] This case thus stands in sharp contrast to one in which Judge St. Eve recently granted a motion to stay proceedings pending reexamination. *JAB Distribs., LLC v. London Luxury, LLC*, No. 09 C 5831, 2010 WL 1882010 (N.D. Ill. May 11, 2010).  In that case, the reexamination request (an *ex parte* request, which typically proceeds more quickly than the *inter partes* request initiated by Peerless) was filed at the very outset of the litigation, less than four months after the complaint had been filed. *Id.*, at *1.  Judge St. Eve thus was concerned that, under the facts of that case, proceeding on parallel track with the reexamination could result in wasted resources. *Id.*, at *5.  That obviously is not the case here, where virtually all of the work other than trial has been completed, and the case can be completed promptly.  By contrast, as shown in the Declaration of the Honorable Gerald Mossinghoff, the former Commissioner of Patents, it likely will take a

12. There are no logistical or other trial preparation-related reasons why the parties could not begin the trial on September 27, 2010. Trial was scheduled to begin on that date until a few weeks ago, and given that both parties have been focused on summary judgment briefing throughout June, neither party has lost any realistic trial preparation time. Both sides would have more than two full months after summary judgment briefing ends on July 16 to concentrate on nothing but trial preparation. That is more than ample time for the parties to prepare for and try this case.

13. At bottom, Neutral Tandem simply wishes to obtain an adjudication on the merits of its claims. Peerless has moved for summary judgment on virtually every one of the invalidity defenses it has asserted. Neutral Tandem believes those defenses are completely lacking in merit, but the Court will have the opportunity to evaluate them for itself in the first instance. In light of the clear guidance from the PTO, the most appropriate and expeditious way to bring this matter to conclusion is for the Court either to reinstate the September 27, 2010 trial date if that date is still available, or schedule trial for the earliest possible date thereafter if it is not.

---

minimum of *six years* to bring reexamination proceedings at the PTO to fruition.  (Ex. 4, Mossinghoff Decl. ¶ 8.)

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, Neutral Tandem respectfully requests that the Court reinstate the prior September 27, 2010 date upon which, until recently, trial had been scheduled to commence. In the alternative, Neutral Tandem requests that the Court schedule trial for the earliest possible date after September 27, 2010.

Dated: July 1, 2010					By:	/s/ John R. Harrington
							John R. Harrington
							Terri L. Mascherin
							Kristopher R. Kiel
							JENNER & BLOCK LLP
							353 N. Clark Street
							Chicago, IL 60654-3456
							(312) 222-9350

							Daniel J. Schwartz
							SEYFARTH SHAW LLP
							131 S. Dearborn St.
							Chicago, IL 60603

							*Attorneys for Neutral Tandem, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby deposes and states that he caused the above Notice of Patent and Trademark Office Ruling and Motion to Reinstate Trial Date to be electronically filed with the Clerk of the Court on July 1, 2010, using the ECF system, and served on all parties via the ECF system, pursuant to LR 5.9, as to Filing Users identified below.

    Henry T. Kelly
        hkelly@kelleydrye.com
    Michael R. Dover
        mdover@kelleydrye.com
    KELLEY DRYE & WARREN LLP
    333 W. Wacker Dr., Suite 2600
    Chicago, IL 60606

    David R. Yohannan
        dyohannan@kelleydrye.com
    Stephen R. Freeland
        sfreeland@kelleydrye.com
    KELLY DRYE & WARREN LLP
    3050 K Street, NW
    Washington, DC 20007

                                                /s/ John R. Harrington