# Exhibit 1

06/30/2010 14:45 FAX                                                                                          ☒002/010



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

Woodcock Washburn LLP                              (For Patent Owner)
CIRA Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

Kelley Drye & Warren LLP                           (For Third Party Requester)
3050 K Street, N.W.
Suite 400                                                                              **MAILED**
Washington, D.C. 20007
                                                                                        JUN 3 0 2010

Scott A. McKeown                                   (Courtesy Copy)                      CENTRAL REEXAMINATION UNIT
Oblon, Spivak, McClelland, Maier,
 & Neustadt, LLP
1940 Duke Street
Alexandria, VA 22314

In re Gavillet                       :    **DECISION DISMISSING**
*Inter partes* Reexamination Proceeding :  **PETITION TO SUSPEND**
Control No: 95/000,530               :    **PROCEEDING AND PETITION**
Filing Date: January 28, 2010        :    **TO STRIKE OPPOSITION**
For: U.S. Patent No.: 7,123,708      :    **PAPER**

This is a decision on the following petitions and opposition papers:

1. The April 12, 2010 patent owner petition, entitled "Petition Under 37 CFR 1.183 for Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the April 12, 2010 patent owner petition);

2. The April 21, 2010 requester petition, entitled "Third-Party Requester's Petition and Opposition Under 37 CFR 1.183 in Response to Patent Owner's Petition Under 37 CFR 1.183 For Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the April 21, 2010 requester opposition petition);

3. The May 19, 2010 patent owner petition, entitled "Petition Under 37 CFR 1.182 to Strike Third-Party Opposition Filing of April 21, 2010" (the May 19, 2010 patent owner petition to strike);

4. The June 10, 2010 supplement to the requester April 21, 2010 petition, entitled "Third-Party Requester's Supplement to Petition and Opposition Under 37 CFR 1.183 in Response to Patent Owner's Petition Under 37 CFR 1.183 For Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the June 10, 2010 supplement to requester opposition petition); and

5. The June 15, 2010 supplemental patent owner petition, entitled "Supplemental Petition Under 1.183 for Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the June 15, 2010 supplemental patent owner petition).

This decision also addresses the April 6, 2010 change of correspondence address for the patent owner.

The April 12, 2010 patent owner petition, the April 21, 2010 requester petition and opposition, the May 19, 2010 patent owner petition to strike, the June 10, 2010 supplement to requester petition, the June 15, 2010 supplemental patent owner petition, and the record as a whole, are before the Office of Patent Legal Administration for consideration.

The $400 fees under 37 CFR 1.17(f) for the April 12, 2010 patent owner petition under 37 CFR 1.183, the May 19, 2010 patent owner petition under 37 CFR .182 to strike, and the June 15, 2010 supplemental patent owner petition under 37 CFR 1.183, have been paid.

## SUMMARY

The April 12, 2010 patent owner petition under 37 CFR 1.183, as supplemented by the June 15, 2010 supplemental patent owner petition under 37 CFR 1.183, is **dismissed**.

The May 19, 2010 patent owner petition under 37 CFR 1.182 to strike requester's opposition petition is **dismissed**. Requester's opposition petition has been considered as to its opposition merits discussion.

The April 6, 2010 change of correspondence address for the patent owner is **ineffective**.

## BACKGROUND

- On October 17, 2006, U.S. Patent 7,123,708 (the '708 patent) issued.

- On January 28, 2010, a request for *inter partes* reexamination was filed, and the resulting *inter partes* reexamination proceeding was assigned control no. 95/000,530 (the '530 proceeding).

- On March 26, 2010, the Office mailed an order granting reexamination in the '530 proceeding.

- Also on March 26, 2010, the Office mailed a nonfinal Office action.

- On April 6, 2010, the patent owner filed a power of attorney and change of correspondence address in the '530 proceeding.

- On April 12, 2010, the patent owner filed a petition entitled "Petition Under 37 CFR 1.183 for Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the April 12, 2010 patent owner petition).

Reexamination Control No. 95/000,530 -3-

- On April 21, 2010, the requester filed a petition entitled "Third-Party Requester's Petition and Opposition Under 37 CFR 1.183 in Response to Patent Owner's Petition Under 37 CFR 1.183 For Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the April 21, 2010 requester opposition petition).

- On May 13, 2010, the patent owner filed a request under 37 CFR 1.956 for a two-month extension of time.

- On May 19, 2010, the patent owner filed a petition entitled "Petition Under 37 CFR 1.182 to Strike Third-Party Opposition Filing of April 21, 2010" (the May 19, 2010 patent owner petition to strike).

- On May 20, 2010, the Office mailed a decision granting the May 13, 2010 patent owner request under 37 CFR 1.956 for a two-month extension of time.

- On June 10, 2010, the requester filed a paper entitled "Third-Party Requester's Supplement to Petition and Opposition Under 37 CFR 1.183 in Response to Patent Owner's Petition Under 37 CFR 1.183 For Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the June 10, 2010 supplement to requester opposition petition).

- On June 15, 2010, the patent owner filed a supplemental petition entitled "Supplemental Petition Under 1.183 for Waiver of the Rules to Permit Immediate Suspension of *Inter Partes* Reexamination" (the June 15, 2010 supplemental patent owner petition).

**STATUTES, REGULATIONS, AND PATENT EXAMINING PROCEDURES**

**35 U.S.C. 314(c) provides:**

SPECIAL DISPATCH. — Unless otherwise provided by the Director for good cause, all inter partes reexamination proceedings under this section, including any appeal to the Board of Patent Appeals and Interferences, shall be conducted with special dispatch within the Office.

**37 CFR 1.182 provides:**

All situations not specifically provided for in the regulations of this part will be decided in accordance with the merits of each situation by or under the authority of the Director, subject to such other requirements as may be imposed, and such decision will be communicated to the interested parties in writing. Any petition seeking a decision under this section must be accompanied by the petition fee set forth in § 1.17(f).

**37 CFR 1.183 provides:**

In an extraordinary situation, when justice re-quires, any requirement of the regulations in this part which is not a requirement of the statutes may be suspended or waived by the

*Reexamination Control No. 95/000,530* -4-

Director or the Director's designee, *sua sponte*, or on petition of the interested party, subject to such other requirements as may be imposed. Any petition under this section must be accompanied by the petition fee set forth in § 1.17(f).

**37 CFR 1.987 provides:**

If a patent in the process of inter partes reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the *inter partes* reexamination proceeding.

**MPEP 2686.04, subsection III, provides, in pertinent part:**

... **suspension will not be considered on its merits when there is an outstanding Office action.** In order to ensure consideration on the merits of a petition to suspend where there is an outstanding Office action, the patent owner must (1) provide a complete response to the outstanding Office action, (2) include a petition to suspend under 37 CFR 1.182, and (3) include a petition under 37 CFR 1.182 for OPLA to take jurisdiction of the proceeding prior to issuing an Office action on the submitted response and retain such jurisdiction until OPLA issues its decision on the petition to suspend.
It should also be noted that if, pursuant to 35 U.S.C. 318, a court stays litigation as to the patent being reexamined, action in the reexamination proceeding would not be suspended. This is so because action in the reexamination proceeding would be needed to resolve the "issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order" set forth in 35 U.S.C. 318.

**DECISION**

*I. The April 12, 2010 Patent Owner Petition and the June 15, 2010 Supplemental Patent Owner Petition*

In the April 12, 2010 patent owner petition under 37 CFR 1.183, the patent owner requests the Office to suspend the present '530 *inter partes* reexamination proceeding, and to waive the requirement of 37 CFR 1.182, relating to "other requirements as may be imposed"; specifically, the provision of 37 CFR 1.181(f) that "the mere filing of a petition will not stay any period for reply that may be running against the application, nor act as a stay for other proceedings...". The patent owner further requests the Office to waive the requirements of MPEP 2686.04, subsection III, that to ensure consideration on the merits of a petition to suspend when there is an outstanding Office action, the patent owner must:

(1) provide a complete response to the outstanding Office action,
(2) include a petition to suspend under 37 CFR 1.182, [1] and

---

[1] Regarding item (2), because the April 12, 2010 petition also includes a discussion of whether "good cause" exists to suspend the '530 proceeding, the present petition is construed as a petition under 37 CFR 1.182 to suspend the '530 proceeding, as well as a petition under 37 CFR 1.183 to waive 37 CFR 1.182, 37 CFR 1.181(f), and the requirements of MPEP 2686.04, subsection III.

*Reexamination Control No. 95/000,530* -5-

(3) include a petition under 37 CFR 1.182 for OPLA to take jurisdiction of the proceeding prior to issuing an Office action on the submitted response and retain such jurisdiction until OPLA issues its decision on the petition to suspend.

The patent owner argues that the district court litigation, in which the requester and the patent owner are parties, is at an "advanced stage", and that the request for *inter partes* reexamination is a tactical attempt to delay the completion of the lawsuit and increase the patent owner's costs. The patent owner asserts that forcing the patent owner to respond to the outstanding Office action prior to "the inevitable termination or suspension" of the '530 proceeding "will only serve to inflict additional expense on the Patent Holder and result in wasted effort on the part of the USPTO". Further, the patent owner asserts that the claims of the '708 patent before the Office are identical to the claims that will be subject to trial in the district court (when the trial commences), and apparently asserts that the same prior art that is before the Office in the '530 proceeding will be before the district court. In addition, the patent owner argues that, because the claims at issue will be identical, an adverse decision to either party by the court will cause the Office to vacate the proceeding, resulting in a waste of Office resources.

In the June 15, 2010 supplemental patent owner petition, however, the patent owner informs the Office that the district court trial date has been vacated, that a new trial date has not yet been set, and that the district court has ordered the parties to complete briefing on all remaining summary judgment issues (including invalidity issues) by July 16, 2010.[2]

## II. Consideration of the April 12, 2010 Patent Owner Petition as Supplemented by the June 15, 2010 Supplemental Patent Owner Petition

Waiver of the rules under 37 CFR 1.183, may only be granted in an *extraordinary situation when justice requires*. In this instance, the requested waiver has not been justified.

1. It is initially pointed out that, contrary to patent owner's arguments, it is not clear which prior art will be before the district court. The patent owner draws attention to an expert report dated March 12, 2010[3] (exhibit B), in which the art at issue in the nonfinal Office action of March 26, 2010 is discussed. The patent owner does not expressly state that the expert report was submitted to the court, and on what date. Even assuming that the March 12, 2010 expert report was submitted to the court, however, it is not clear that any or all of the prior art discussed in that report will be at issue, i.e., specifically "before" the court, until the district court trial is held.

2. The patent owner argues that the district court litigation, in which the requester and the patent owner are parties, is at an "advanced stage". However, in this instance, briefing has not yet been completed, and the trial has not yet begun. In fact, no trial date is currently set. On the other hand, reexamination has been ordered in the present reexamination proceeding, and an Office action has already been issued. In the present reexamination proceeding, the issue of

---

[2] In the June 15, 2010 supplemental patent owner petition, the patent owner essentially repeats the arguments that the request for *inter partes* reexamination is a tactical attempt to delay the completion of the lawsuit, and that an adverse decision to either party by the court will cause the Office to vacate the proceeding, resulting in a waste of Office resources.

[3] See Exhibit B, which is attached to the April 12, 2010 patent owner petition.

patentability has already been "joined."

3. The patent owner asserts that forcing the patent owner to respond to the already-issued Office action proceeding "will only serve to inflict additional expense on the Patent Holder and result in wasted effort on the part of the USPTO". However, reexamination and litigation proceedings are not duplicative; thus, it is appropriate that they both continue at the same time. In *Ethicon v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), the Federal Circuit noted that district courts and the Office use different standards of proof in determining invalidity, and thus, on the same evidence, could quite correctly come to different conclusions. *Id.* at 1427-29. Specifically, invalidity in a district court must be shown by "clear and convincing" evidence, whereas in the Office, it is sufficient to show nonpatentability by a "preponderance of evidence." *Id.* at 1427. Since the "clear and convincing" standard is more difficult to satisfy than the "preponderance" standard, claims held valid by the courts may be rejected in a reexamination proceeding.

Moreover, because a patent owner can amend the claims in a reexamination proceeding, the Office gives claims their broadest reasonable interpretation consistent with the specification, which is different than the claim interpretation employed by the courts. This can be observed from the Federal Circuit's decision in *In re American Academy of Science Tech Center*, 367 F.3d 1359 (Fed. Cir. 2004), where the Court rejected American Academy's arguments for a narrow claim interpretation in a reexamination proceeding. The Federal Circuit found that claims should be given "their broadest reasonable interpretation" during examination and reexamination in the Office "because the applicant has the opportunity to amend the claims to obtain more precise claim coverage." *Id.* at 1364; see also *In re Zletz*, 893 F.2d 319, 321-22 (Fed. Cir. 1989) (the manner of claim interpretation that is used by courts in litigation is not the same as that during prosecution of a pending application before the Office).

The *American Academy*, *Zletz*, and *Ethicon* decisions show that the Federal Circuit's view of the different standards for reexamination and litigation are firmly in place. It is appropriate to continue both proceedings to obtain the results and benefits of each, as they accrue. Further, as the two proceedings progress, any information that comes to light in one may be applied to the other.

4. The patent owner compares the facts of the present case to those in *Sony Computer Entertainment America, Inc. v. Dudas*, 2006 WL 1472462 (E.D. Va. 2006), in asserted support of a showing of an extraordinary situation, toward suspension of the rules, and in support of a showing of good cause for suspending these proceedings. However, the facts in *Sony* are clearly distinguishable from this proceeding. In *Sony*, the request for *inter partes* reexamination was not filed until *after a final judgment in the district court was rendered and that judgment was adverse to the requester on the issue of patentability*. In the present case, however, the request for *inter partes* reexamination was filed well before trial has begun, and there is no judgment by the court adverse to the requester. Furthermore, reexamination in *Sony* was limited to the claims that were being litigated. In the present case, however, because trial in the district court has not yet begun, it is not clear which claims will be before the district court, contrary to patent owner's arguments. Also, unlike *Sony*, the Office has already issued a first Office action rejecting all of the claims of the '708 patent, as is argued by the requester in the April 21, 2010 opposition. Finally, a final decision in *Sony* was on the horizon. A decision is "final" after all appeals, including any appeal to the Federal Circuit, have been exhausted. In the present case, however, a

*Reexamination Control No. 95/000,530* -7-

final decision is not expected in the near future, as is argued by the requester in the April 21, 2010 opposition. Without a final decision *adverse to requester*, no estoppel can attach to bar the filing of an *inter partes* reexamination request or to mandate termination of an ordered reexamination proceeding. Stated another way, the fact that estoppel could possibly attach as to an uncertain number of the patent claims at some uncertain point in the future, as argued by patent owner, does not provide the requisite showing of good cause for suspension, and it is certainly not a showing of an extraordinary situation, such that justice requires suspension of the rules.

5. The failure of the patent owner to comply with the rules, or the requirements (1) - (3) of MPEP 2686.04, subsection III, as set forth in this decision, does not rise to an *extraordinary situation* under 37 CFR 1.183 to justify suspension of the rules. Therefore, justice would not require suspension of the above-discussed requirements of 37 CFR 1.182, 37 CFR 1.181(f), and MPEP 2686.04, subsection III.

Accordingly, the April 12, 2010 patent owner petition under 37 CFR 1.183, and the June 15, 2010 supplemental patent owner petition under 37 CFR 1.183, are **dismissed**. Pursuant to MPEP 2686.04, subsection III, the '530 *inter partes* reexamination proceeding will continue, and **will not be suspended**. The **period for response** to the outstanding March 26, 2010 nonfinal Office action, as set in the May 20, 2010 decision granting a two-month extension of time, **continues to run**.

6. The patent owner also requests that the outstanding March 26, 2010 Office action be rescinded, or that the period for responding to the outstanding Office action be restarted from the date that a suspension of the proceedings is lifted, if applicable. A request to vacate or rescind an Office action, however, must be made via a petition under 37 CFR 1.181, which must be addressed by a deciding official in the Central Reexamination Unit or other Technology Center and must be filed as a separate paper pursuant to 37 CFR 1.4(c). To the extent that the present petition is also is filed as a petition under 37 CFR 1.183 to "restart" the time period for response to the outstanding Office action from the date that a suspension of the proceedings is lifted, such a petition is dismissed as inapplicable, since this decision also dismisses patent owner's petition under 37 CFR 1.183 to suspend the present proceeding.

7. Additional Comment:

**If a renewed petition to suspend the '530 *inter partes* reexamination proceeding, which is in full compliance with Office requirements, is later contemplated,** the factors explained in this section of the decision, parts 1 – 4 must be addressed. A failure to do so would not be consistent with MPEP 2609 which states that "[p]**atent owners and third party requesters are cautioned that the reexamination statute, regulations, and published examining procedures do not countenance so-called "litigation tactics" in reexamination proceedings. The parties are expected to conduct themselves accordingly.... It is expected that the parties will adhere to the provisions of 37 CFR 10.18(b) throughout the course of a reexamination proceeding.**"

*Reexamination Control No. 95/000,530* -8-

### III. The May 19, 2010 Patent Owner Petition Under 37 CFR 1.182 to Strike Opposition Paper

The patent owner requests that the April 21, 2010 requester petition/opposition be expunged from the record after its consideration by the Office. The patent owner states that the April 21, 2010 requester petition contains baseless accusations regarding the conduct of the patent owner's representative that have no proper place on the public record. In the interest of conducting this proceeding with special dispatch pursuant to 35 U.S.C. 314(c), the proceeding will not be delayed further by addressing "accusations", asserted or otherwise, in parties' petition papers, which could involve expungement of papers and giving time to file redacted papers. Rather, pursuant to 37 CFR 1.906(c), the Office will refrain from considering any issues that are not within the scope of reexamination. To the extent that the patent owner has identified any such issues that are not within the scope of reexamination, the patent owner's position is of record, and the discussion of the issues provided in the present decision is not inconsistent with any such identification.

Accordingly, the May 19, 2010 patent owner petition under 37 CFR 1.182 to strike is **dismissed**.

### IV. The Attempted April 6 2010 Change of Correspondence Address of the Patent Owner

A change of correspondence address was filed by the patent owner in the '530 proceeding on April 6, 2010. However, the address for the patent owner in a reexamination proceeding is the official correspondence address of the patent owner *in the patent file*. In the present case, the official correspondence address for the patent owner, that is of record in application no. 10/087,363, the patent file, is shown in the caption of this decision. See MPEP 2622 and 37 CFR 1.33(c).

Accordingly, the April 6, 2010 change of correspondence address for the patent owner is **ineffective**.

A courtesy copy of this decision will be mailed to the practitioner who submitted the present patent owner petitions, Mr. Scott A. McKeown. **Absent the filing of a proper change of correspondence address in the patent file, which is application no. 10/087,363, however, all future correspondence will be mailed to the current address of record for the patent owner, as shown in the caption of this decision.**

### CONCLUSION

- The patent owner petition under 37 CFR 1.183, as supplemented, is **dismissed**.

- The present *inter partes* reexamination proceeding will continue, and **will not be suspended**. The **period for response** to the outstanding March 26, 2010 nonfinal Office action, as set in the May 20, 2010 decision granting a two-month extension of time, **continues to run**. The period for response will expire after July 26, 2010.

- The patent owner petition under 37 CFR 1.182 to strike is **dismissed**.

- The April 6, 2010 change of correspondence address for the patent owner is **ineffective**. Absent the filing of a proper change of correspondence address in the patent file, application no. 10/087,363, all future correspondence will be mailed to the current address of record for the patent owner, as shown in the caption of this decision.

- Jurisdiction over this proceeding is returned to the Central Reexamination Unit to await any filing of patent owner's response, or the expiration of time to respond.

- If no timely response to the March 26, 2010 Office action is filed by the patent owner, the prosecution of this proceeding will be **terminated** in accordance with 37 CFR 1.957.

- Telephone inquiries related to this decision should be directed to Cynthia L. Nessler, Senior Legal Advisor, at (571) 272-7724, or in her absence, to the undersigned at (571) 272-7710.

*/Kenneth M. Schor/*

---
Kenneth M. Schor
Senior Legal Advisor
Office of Patent Legal Administration

6-29-10
Kenpet8/IP/suspend