# Exhibit 3

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
      NEUTRAL TANDEM, INC.,            )
 4                                     )
                       Plaintiff,      )
 5                                     )
                                       )
 6    -vs-                             )   Case No. 08 C 3402
                                       )
 7                                     )   Chicago, Illinois
      PEERLESS NETWORK, LLC,           )   June 8, 2010
 8    PEERLESS NETWORK OF ILLINOIS,    )   9:30 o'clock a.m.
      LLC, and JOHN BARNICLE,          )
 9                                     )
                       Defendants.     )
10

11                     TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE JOHN W. DARRAH
12
      APPEARANCES:
13
      For the Plaintiff:        JENNER & BLOCK LLP
14                              BY:  MR. JOHN R. HARRINGTON
                                     MR. DANIEL JOEL SCHWARTZ
15                              330 North Wabash Avenue
                                Chicago, Illinois, 60611
16
      For the Defendants:       KELLEY DRYE & WARREN
17                              BY:  MR. HENRY T. KELLY
                                333 West Wacker Drive
18                              Suite 2600
                                Chicago, Illinois 60606
19
      ALSO PRESENT:             MR. JOHN BARNICLE
20                              MR. DOUG LEE

21                              MR. RICHARD MONTO

22
                           Mary M. Hacker
23                     Official Court Reporter
                     United States District Court
24              219 South Dearborn Street, Suite 1212
                       Chicago, Illinois  60604
25                   Telephone:  (312) 435-5564
```

```
 1                THE CLERK:  08 C 3402, Neutral Tandem versus
 2   Peerless Network.
 3                MR. KELLY:  Good morning, your Honor.  Hank Kelly
 4   on behalf of Peerless Network and John Barnicle.
 5                And let me just point out that also in attendance
 6   today is Mr. John Barnicle, who is the president of Peerless
 7   Network, and Doug Lee next to him, who is the CFO.
 8                THE COURT:  Good morning, Mr. Barnicle.  Good
 9   morning, Mr. Lee.
10                MR. BARNICLE:  Good morning.
11                MR. LEE:  Good morning.
12                MR. HARRINGTON:  Good morning, Judge.  John
13   Harrington for Neutral Tandem.  Present in court also for
14   Neutral Tandem, in addition to Mr. Schwartz, who you know, is
15   Richard Monto of Neutral Tandem --
16                THE COURT:  Good morning, Mr. Monto.
17                MR. HARRINGTON:  -- senior vice president and
18   general counsel.
19                THE COURT:  Welcome.
20                This matter comes on this morning on defendants'
21   motion to extend the trial date and a stay.
22                I can't afford you a great deal of time to argue
23   this morning.  I read the motion, I read the response.
24                The defendant in Paragraph 7 asserts that Neutral
25   Tandem has now filed its request for an additional two months
```

1  to respond to the outstanding Office action which has been
2  granted.  By doing so, Neutral Tandem is effectively
3  abandoning its petition to suspend the reexamination and
4  acknowledging its duty to take all action needed to respond
5  to the Office action.
6         Prior to that time, Mr. Kelly, you recite that I
7  was interested in hearing the Office's ruling regarding
8  Neutral Tandem's --
9         MR. KELLY:  Motion to stay?
10         THE COURT:  -- motion to stay the Office action.
11         And in response to your assertion in Paragraph 7,
12  Neutral Tandem says in Paragraph 27, quote, Peerless' claim
13  is ludicrous.  Neutral Tandem has in no way abandoned its
14  request that the PTO suspend the reexamination proceeding by
15  seeking an extension of time in its response.  To the
16  contrary, Neutral Tandem is requesting an extension because
17  the PTO has not yet ruled on Neutral Tandem's petition to
18  suspend the reexamination, end quote.  I chopped that quote
19  off in mid sentence but that's the pertinent part.
20         I'm very concerned as to what the PTO is going to
21  do with the motion to suspend -- the request to suspend the
22  reexamination.
23         What's your best estimate as to when there will be
24  a decision in that regard?
25         MR. KELLY:  I'm not sure, your Honor, that they

1  will decide.  We had opposed the motion to stay on two
2  grounds:  One, that it wasn't warranted, but also secondly,
3  that there was no procedural vehicle, no proper -- that the
4  motion to stay was not brought under a proper procedural
5  vehicle under the Patent Office's rulings.
6          Thereafter, there was no ruling on the motion to
7  stay.  Instead, or in addition to, Neutral Tandem then filed
8  a motion for extension of time to respond.  That motion --
9          THE COURT:  Respond to the --
10         MR. KELLY:  -- to the Office action.
11         THE COURT:  -- to the Office action.
12         MR. KELLY:  Right.
13         That motion to respond, to extend it two months,
14  was granted.
15         THE COURT:  All right.  So you haven't filed that
16  motion yet, I take it?
17         MR. HARRINGTON:  We have not filed our response to
18  the initial Office action, Judge, as a result --
19         THE COURT:  Are you going to seek to stay the
20  Office action?
21         MR. HARRINGTON:  We have already sought to stay the
22  Office action.
23         THE COURT:  Okay.  We're going to stay this until
24  the Office makes a decision.  When is the trial date?
25         MR. KELLY:  Your Honor, September 27th, I believe.

1      THE COURT:  We'll vacate that date.
2      MR. HARRINGTON:  Judge, if I may, I recognize we
3  don't have a lot time for argument in this case --
4      THE COURT:  I read everything you submitted,
5  gentlemen.  I read all the attachments, I read the expert
6  statement regarding the time problems, but I'm really
7  concerned as to what the PTO will say regarding Neutral
8  Tandem's request that the Office proceeding be suspended or
9  stayed.
10     MR. HARRINGTON:  And, Judge, just one point to that
11 specific point.  It is neither uncommon nor inappropriate --
12 even if they were deny the petition to stay the reexamination
13 proceeding, it would be neither uncommon nor inappropriate
14 for those two proceedings to proceed in parallel.  We have
15 pointed out --
16     THE COURT:  I understand that.
17     You educated me to some extent the last time
18 regarding their procedures and -- the interrelationship
19 between their procedures and this Court.
20     We'll vacate the trial date in September and we'll
21 make that a status date.  And we'll make that for status and
22 setting for trial.
23     MR. KELLY:  Okay.
24     THE COURT:  The other issue --
25     MR. KELLY:  There might be -- that's fine.

1   THE COURT:  Okay.  The other issue is the issue of
2 the motion to strike portions of defendants' opening summary
3 judgment brief and the fact that you've hooked up some
4 declarations that are very long, and there's an assertion
5 that's an attempt to circumvent the 20-page rule.  I'm going
6 to deny the motion on that basis.
7   But on Page 5, subpart B, in Paragraph 10, Neutral
8 Tandem says that hooked up to the motion for summary judgment
9 is a declaration of Robert Taylor, who has never been
10 disclosed.
11   Do you want to respond to that, Mr. Kelly?
12   MR. KELLY:  Yes, your Honor.
13   Rule 26(e) in the comments -- and we point this out
14 in our response that was filed last night, your Honor -- says
15 that -- this is in the comments, Rule 26(e) -- however, there
16 is no obligation to provide supplemental or corrective
17 information that has otherwise been made known to the parties
18 in writing or during the discovery process as when a witness
19 not previously disclosed is identified during the taking of a
20 deposition or when an expert during the deposition corrects
21 information contained in an earlier report.
22   Mr. Taylor was identified as a corroborative
23 witness that Mr. Starky referred to and spoke to.
24   THE COURT:  When was he so identified?
25   MR. KELLY:  That was identified on March 12th,

1  2010, your Honor --
2          THE COURT:  All right.
3          MR. KELLY:  -- during the course of discovery.
4  Discovery was still open.
5          MR. HARRINGTON:  And it was not, actually.  That
6  was after the close of fact discovery in this case, your
7  Honor.  Expert reports were submitted.  He was disclosed as
8  someone who Mr. Starky had interviewed.  That's a far cry
9  from disclosing him as somebody who has relevant information
10 that they then use to attach a declaration in support of
11 summary judgment.
12         THE COURT:  We moved back the trial date
13 effectively.  I'm going to let you depose him before you file
14 a response.
15         I don't know whether you won that part of the
16 motion or lost it, but we'll give you an opportunity to
17 depose him, say, two weeks.
18         Will you make him available, Mr. Kelly?
19         MR. KELLY:  We can certainly try.  He's here in
20 Chicago.  We can certainly try to do it within two weeks,
21 your Honor.
22         THE COURT:  All right.  Then how much time would
23 you need thereafter to file a response?
24         MR. HARRINGTON:  I would expect an additional two
25 weeks after --

1           THE COURT:  Okay.  So why don't we say at this
2  point 28 days to file a response absent some intervening
3  circumstance.
4           MR. KELLY:  And, your Honor, to be clear, this is
5  the response to the motion for summary judgment --
6           THE COURT:  Summary judgment, yes.
7           MR. KELLY:  Okay.
8           MR. HARRINGTON:  And, your Honor, there are
9  cross-motions for summary judgment.  We have moved on
10 infringement and on their unenforceability defense.
11          THE COURT:  I have not looked at them yet, to be --
12          MR. HARRINGTON:  I understand.  I just want to make
13 sure you were aware there were cross --
14          THE COURT:  Right.
15          MR. HARRINGTON:  The current due date for those is
16 a week from this Friday.  Would you anticipate extending both
17 dates for the response?
18          THE COURT:  Okay.  Why don't we do that so they are
19 parallel.
20          MR. HARRINGTON:  Okay.
21          THE COURT:  So both responses will be due 28 days
22 hence.
23          MR. KELLY:  Yes.
24          THE CLERK:  July 6th.
25          MR. HARRINGTON:  Those will be responses --

```
 1              THE COURT:  That will be a response.  And then how
 2   much time for replies?
 3              MR. HARRINGTON:  I believe we had -- oh, because of
 4   the -- actually, your Honor, we prefer to do it before the
 5   July 4th holiday.  If we can, we'll take a little less time
 6   for everybody.
 7              THE COURT:  Okay.  So we'll leave it on July 6th.
 8              MR. HARRINGTON:  I'm sorry.  We were hoping to have
 9   them filed before the July 4th holiday.
10              THE COURT:  I see.
11              Is that agreeable to you then?
12              MR. KELLY:  Yes.
13              THE COURT:  Say July 3rd then?
14              MR. HARRINGTON:  I'm not sure if it's Friday --
15              THE CLERK:  July 2nd.
16              THE COURT:  Okay.
17              MR. HARRINGTON:  July 2nd.  Thank you very much.
18              And then I think we originally had two weeks for
19   replies on that?
20              THE COURT:  Fine.
21              Mel?
22              THE CLERK:  July 16th.
23              THE COURT:  And a new status date.
24              THE CLERK:  September 1st at 9:30.
25              MR. HARRINGTON:  Will that be a ruling date on
```

1  summary judgment?
2      THE COURT: We'll use it for a ruling date, if we
3  can meet that date.
4      MR. SCHWARTZ: Your Honor, in the interim, if we
5  hear news from the PTO early, we will --
6      THE COURT: Absolutely. It goes without saying
7  that if any action is taken by the PTO that would have any
8  bearing at all, both parties have leave to bring it to the
9  Court's attention.
10      MR. KELLY: Very well. Thank you, your Honor.
11      THE COURT: Okay. Thank you.
12      MR. HARRINGTON: Thank you, your Honor.
13      THE COURT: You're welcome.
14      Let me say this as well: We have a jury out and
15  I'm anxious to get started, and I didn't give you much time
16  to argue today, but I did read everything that you submitted
17  and all the attachments and those were all considered. So
18  you didn't get a chance to verbalize what you very aptly set
19  out in these papers.
20      MR. KELLY: We're impressed, your Honor, that you
21  actually identified particular paragraphs you wanted to talk
22  about. So, thank you.
23      THE COURT: Thank you.
24      MR. HARRINGTON: Thank you, Judge.
25    (Which were all the proceedings heard.)

CERTIFICATE

1  
2       I certify that the foregoing is a correct transcript  
3   from the record of proceedings in the above-entitled matter.  
4  
5       /s/ *Mary M. Hacker*                    *June 9, 2010*  
6   _____       _____  
    Mary M. Hacker                       Date  
7   Official Court Reporter