

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUTRAL TANDEM, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 08 C 3402 |
| PEERLESS NETWORK, INC.;<br>PEERLESS NETWORK OF ILLINOIS, LLC;<br>and JOHN BARNICLE, | )<br>) Judge John W. Darrah<br>) |
| Defendants. | )<br>) |
| PEERLESS NETWORK, INC.;<br>PEERLESS NETWORK OF ILLINOIS, LLC;<br>and JOHN BARNICLE, | )<br>)<br>) |
| Counterclaim-Plaintiffs, | )<br>) |
| v. | )<br>) |
| NEUTRAL TANDEM, INC., | )<br>) |
| Counterclaim-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions: (1) Defendants/Counterclaim Plaintiffs Peerless Network, Inc.; Peerless Network of Illinois; and John Barnicle's (collectively, "Peerless") Bill of Costs and (2) Plaintiff/Counterclaim Defendant Neutral Tandem Inc.'s ("NT") Motion for Reimbursement of Discovery-Related Expert Fees and Costs Pursuant to Fed. R. Civ. P. 26(b)(4)(E).

## BACKGROUND

On June 12, 2008, NT filed a two-count Complaint against Peerless, alleging patent infringement and inducement infringement. (Dkt. No. 1.) On July 28, 2008, Peerless brought nine counterclaims against NT. In Counts I and II, Peerless brought claims for patent non-infringement and inducement non-infringement. In Counts III through IX, Peerless alleged antitrust and various common-law claims.

The case culminated in two rounds of summary judgment briefing. On September 2, 2010, the Court denied NT's motion for summary judgment on its claim for patent infringement (Count I). The Court granted summary judgment in favor of Peerless, holding that Neutral Tandem's U.S. Patent No. 7,123, 708 ("the '708 Patent") is invalid and that Peerless does not infringe on any claim of the '708 Patent. On December 2, 2010, the Court granted NT's motion for summary judgment on Count III of Peerless's counterclaim, which sought a declaratory judgment that the '708 Patent is unenforceable due to inequitable conduct.

On December 16, 2010, the Court entered an Order Directing Entry of Final Judgment in favor of Peerless and against NT on Count I of NT's Complaint (patent infringement) and Count II of Peerless's Counterclaims (declaratory judgment of patent invalidity), based on its determination that the '708 Patent is invalid. (Dkt. No. 293.) Judgment was entered in favor of NT on Count III of Peerless's Counterclaim (unenforceability – inequitable conduct). Count II of NT's Complaint (inducement infringement) and Count I of Peerless's Counterclaim (declaratory judgment of patent non-infringement) were dismissed as moot in light of the Court's determination that

the '708 Patent is invalid. Counts IV through IX of Peerless's Counterclaim (antitrust and common-law claims) were dismissed with prejudice.

Peerless's Bill of Costs, filed on January 18, 2011 (and then re-filed on March 17, 2011), is timely.

## ANALYSIS

Peerless seeks recovery of costs that fall into two categories: (1) costs pursuant to Fed. R. Civ. P. 54(d) that may be awarded to a "prevailing party" and (2) discovery-related expert fees and costs pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). Peerless seeks $89,653.39 pursuant to Rule 54(d) and $38,759.13 pursuant to Rule 26(b)(4)(E), for a total of $128,412.52. (Dkt. No. 316.) NT has also filed a motion pursuant to Rule 26(b)(4)(E), requesting $72,426.74. (Dkt. No. 317.) These are addressed in turn.

*Costs Pursuant to Fed. R. Civ. P. 54(d)*

Federal Rule of Civil Procedure 54(d) states, "costs – other than attorney's fees – should be allowed to the prevailing party." NT argues that Peerless is not a "prevailing party" because it "prevailed on the merits on only two out of nine claims that were litigated to judgment in this case." (Resp. at 7.) On the other hand, Peerless argues that its success in obtaining declaration that NT's patent is invalid is sufficient to make it a prevailing party under Rule 54(d). (Reply at 8.)

Although NT cites Seventh Circuit law in its brief, in patent cases, Federal Circuit law governs whether a party may be considered the prevailing party. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181-82 (Fed. Cir. 1996) ("[W]e believe these factors favor our applying our own law to define the meaning of

3

prevailing party in the context of patent litigation.") (*Manildra II*);

*Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 967 (N.D. Ill. 2010) (*Trading Tech.*). The Federal Circuit held that "as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'" *Manildra II*, 76 F.3d at 1183. There, the court affirmed the district court's decision to grant the alleged patent infringer's bill of costs, under circumstances nearly identical to those presented here. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 878 F. Supp. 1417 (D. Kan. 1995) (*Manildra I*). In the district court, an alleged infringer (Ogilvie Mills, Inc. or "OMI") brought an action against a competitor (Manildra) that had accused it of infringing its patent. *Id.* at 1419. OMI sought a declaratory infringement that it did not infringe the patent and that the patent was invalid and/or unenforceable. *Id.* Like Peerless, OMI brought antitrust, Lanham Act, and common-law claims. *Id.* OMI obtained a declaratory judgment that the patent was invalid but lost on its antitrust, Lanham Act, and common-law claims. The Federal Circuit Court held, "Although Manildra failed on its Sherman Act, Lanham Act, and Kansas common law claims, its victory on the patent issues was complete." *Manildra II*, 76 F.2d at 1183. The court aptly noted:

> Our holding is informed by the unique nature of the relationships engendered by patent law. A patentee receives the right to exclude *all others* from making, using, or selling the patented invention. In essence, a patent inhibits those who would compete with its owner by warning them not to practice the invention. A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties. The patentee no longer can enforce his patent against the would-be infringer litigant, or any other would-be infringer.

*Id.*

4

Relying on Seventh Circuit precedent, NT argues that Peerless is not a prevailing party because both sides obtained relief against the other side. NT's position is very clearly contradicted by *Manildra II*. Here, NT filed a two-count Complaint, seeking to hold Peerless liable for patent infringement and inducement infringement. In turn, Peerless filed nine counterclaims, two of which sought a declaration of patent non-infringement and inducement non-infringement. The parties cannot contest that the heart of this dispute was whether the '708 Patent was valid. And after extensive discovery and summary judgment briefing, the '708 Patent was held invalid. Although it is true that Peerless did not prevail on seven of its nine counterclaims, "its victory on the patent issues was complete." *Manildra II*, 76 F.2d at 1183. Therefore, Peerless is the prevailing party for purposes of Rule 54(d).[1]

But this does not end the inquiry as Peerless's Bill of Costs must be addressed. Because the decision of whether to award costs to a prevailing party "implicates considerations not unique to patent law," it is governed by "regional circuit law." *Manildra II*, 76 F.3d at 1183. In the Seventh Circuit, there is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The burden is on the non-prevailing party to

---

[1] If Peerless is held to be a prevailing party (which it is) – NT argues that because Peerless prevailed on only two of its nine counterclaims, Peerless should only recover "2/9th" of its costs. Because Peerless has prevailed on a substantial part of the litigation, such apportioning of costs is not appropriate. NT has not shown that the "costs incurred are greatly disproportionate to the relief obtained." *Trading Tech.*, 750 F. Supp. 2d at 984.

5

overcome this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006).

A prevailing party is entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Under Rule 54(d)(1), recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1902. Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The prevailing party has the "burden of demonstrating the amount of its recoverable costs." *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *1 (N.D. Ill. June 16, 2006) (*Telular*).

<u>Fees for Service of Summons and Subpoenas</u>

NT sets forth numerous objections to Peerless's requested costs. Peerless requests $2,405.00 for fees incurring in serving subpoenas on third-party entities/witnesses. Fees for service of summons and subpoenas are recoverable pursuant to 28 U.S.C. § 1920(1). Peerless concedes NT's point that the costs incurred in serving these subpoenas is limited to the U.S. Marshal's rate of $55 per hour per person plus travel costs and any other out-of-pocket expenses. But NT also argues that the costs for service of Peerless's summons and subpoenas are unreasonable. Peerless's Bill of Costs and accompanying detailed invoices are sufficient to meet its burden of proving that the remaining costs are

reasonable. Therefore, given Peerless's concession, the costs recoverable for the service of subpoenas is reduced by $30.00, to $2,375.00.

### Deposition and Hearing Transcripts

Second, NT asserts numerous objections to Peerless's requested costs for deposition and hearing transcripts. NT objects to Peerless's decision to obtain expedited transcripts for 41 out of 50 depositions. (Reply at 12.) It argues that the rate should be recalculated to the $3.65 per-page rate set by the Judicial Conference. NT also objects to Peerless's decision to expedite hearing transcripts. (*Id.* at 13.) Costs for expedited transcripts are recoverable if the expedited transcripts were reasonable and necessary. *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007) (*Nilssen*). Peerless explains that the expedited transcripts were necessary in light of the preliminary injunction hearing and the close proximity to Court-ordered deadlines for summary judgment. Because Peerless has demonstrated that expedited transcripts were reasonable and necessary in the course of this litigation, it is entitled to recover these additional costs.

NT also objects to Peerless's request to recover for transcripts obtained in rough-ASCII format. Peerless does not respond to this objection in its reply. In the affidavit accompanying Peerless's Bill of Costs (the "Yohannan Aff."), Peerless states that both expedited and rough ASCII transcripts were necessary due to the preliminary injunction hearing or close proximity of the deposition to summary judgment briefing deadlines. (Yohannan Aff. ¶ 4.) In many cases in this Circuit, courts have limited recovery (or movants have conceded) that costs cannot be recovered for rough ASCII transcripts.

7

*Engate, Inc. v. Esquire Dep. Svcs. LLC*, No. 1 C 6204, 2006 WL 695650, at *3 (N.D. Ill. Mar. 13, 2006) (denying recovery of costs); *see also Trading Tech.*, 750 F. Supp. 2d at 975 (movant conceding it cannot recover costs); *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, No. 06 C 2065, 2008 WL 3876115, at *3 (C.D. Ill. Aug. 18, 2008) (same). Furthermore, as set out above, Peerless also requested costs for expedited transcripts (which have been awarded). The rough ASCII transcripts are simply another format of these deposition transcripts. Therefore, Peerless's costs are reduced by $8,688.90, which NT represents is the total unrecoverable amount sought for rough ASCII transcripts and to which Peerless does not object.

NT's remaining arguments involve a line-item attack against certain costs. NT argues that Peerless's request for deposition exhibit copying fees should be denied. Courts should not award "costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case." *Menasha Corp. v. News America Marketing Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *2 (N.D. Ill. July 31, 2003) (quotation omitted). Peerless does not respond to NT's objection. Therefore, Peerless's costs are reduced by $1,813.37 – the amount NT represents relates to Peerless's requested costs for deposition exhibits. (Reply at 14.)

Next, NT argues that Peerless has not demonstrated that fees for video recording the depositions of Dixon Doll and Thomas Glavan are reasonable. In Peerless's affidavit attached to its Bill of Costs, the description for the video deposition states, "witness out of subpoena power of Court." (Dkt. No. 316-1 at 5.) This within itself is insufficient to meet Peerless's burden. *See Trading Tech.*, 750 F. Supp. 2d at 977 ("Accordingly, we

reject TT's claim that the video-recorded deposition of every witness residing outside the court's subpoena power was automatically necessary."). Therefore, Peerless's costs are reduced by $1,400.00 – the amount NT represents relates to Peerless's requested costs for deposition exhibits. (Reply at 14.)

Last, NT objects to costs for a "CD Depo Litigation Package" for each deposition. (*Id.* at 13.) It is unclear what the "CD Depo Litigation Package" is. "The prevailing party bears the burden of demonstrating the amount of its recoverable costs because the prevailing party knows, for example, how much it paid for copying and for what purpose the copies were used." *Telular*, 2006 WL 1722375, at *1. Accordingly, since Peerless has failed to meet its burden on what the "CD Depo Litigation Package" is, this cost is not recoverable. *See Gilbert v. City of Chicago*, No. 08 C 4698, 2010 WL 3087453, at *2 (N.D. Ill. Aug. 4, 2010). Therefore, Peerless's costs are reduced by $385.00 – the amount NT represents relates to this item. (Reply at 14.)

### Fees and Disbursements for Printing

NT objects to Peerless's request for printing costs. Section 1920(4) provides for recovery of "fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case." Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *Comrie v. IPSCO Inc.*, No. 08 C 3060, 2010 WL 5014380, at *4 (N.D. Ill. Dec. 1, 2010). Peerless has also demonstrated that its costs for printing are reasonable in light of the extensive,

9

voluminous discovery exchanged in this case. Furthermore, that substantial volumes of discovery in the form of exhibits have been presented to the Court during this litigation demonstrates that this was not for "attorney convenience."

### Fees for Exemplification and Copies of Papers

NT also objects to Peerless's exemplification costs. Costs for exemplification are recoverable, pursuant to 28 U.S.C. § 1920(4). *See Bell v. Keating*, No. 09 C 754, 2011 WL 2182117, at *3 (N.D. Ill. June 2, 2011). Peerless has met its burden of demonstrating that its exemplification costs were reasonable. As it points out, the date of the invoice was six days after the conclusion of the preliminary injunction hearing.

### *Costs Pursuant to Fed. R. Civ. P. 26(b)(4)(E)*

Peerless requests costs pursuant to Rule 26(b)(4)(E) for discovery-related expert fees and costs relating to sitting and preparing for the depositions of Michael Starkey and Kathleen Kedrowski. NT has also filed a Rule 26(b)(4)(E) motion relating to its expert witnesses, Dr. Arthur Brody and Joseph Egan.

Rule 26(b)(4)(E)[2] provides that, "Unless manifest injustice would result, the court *must require* that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added).

Peerless argues that Rule 26(b)(4)(E) is governed by Local Rule 54.1, which provides:

> Within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on

---

[2] Rule 26(b)(4)(E) was formerly denoted as Rule 26(b)(4)(C) but was revised (slightly) and renumbered as part of the 2010 amendments.

> each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. §1920, shall be deemed waived.

Peerless argues that NT's request is waived because it failed to file its request within 30 days of judgment in this case. Peerless's argument is unavailing.

Seventh Circuit authority is to the contrary. In *Chambers v. Ingram*, 858 F.2d 351 (7th Cir. 1988) (*Chambers*), the plaintiff prevailed in a jury verdict against the defendant. In his bill of costs, the plaintiff requested $3,000 in expert fees and costs, which he was awarded. The defendant appealed this award, arguing that Rule 54(d) restricts prevailing parties to the recovery of $30 a day (at that time) in witness fees. The plaintiff argued that his costs, however, were recoverable under Rule 26(b)(4)(C). The defendant objected because the plaintiff did not request the expert fees and costs at the time of the deposition. The Seventh Circuit noted that the Advisory Committee notes to Rule 26(b) stated that the court may issue an order to pay fees as a condition of discovery "or may delay the order until after discovery." *Id.* at 360. Thus the court held, "we do not believe that the timing of the plaintiff's request for this discovery is a bar to recovery under the rule." *Id.* at 361.

Peerless's argument that *Chambers* applied Local Rule 54.1(d) (and its 30-day deadline) to the plaintiff's Rule 26 request for expert fees is not persuasive. Simply put, nothing in the decision supports Peerless's argument. In *Chambers*, the court noted that plaintiff could not recover expert fees under Rule 54(d), noting the *distinction* between the treatment of expert fees by Rule 54 and Rule 26. Not to mention that Fed. R. Civ. P. 54(d) – which relates to bills of costs, not experts fees – is silent as to when bill of costs

11

must be filed; whereas, Local Rule 54.1(d) imposes a 30-day deadline to file a bill of costs.

Peerless, relying on this Court's decision in *Nilssen*, argues that it would be "manifestly unjust" to grant NT's Motion. However, the circumstances in this case do not rise to that present in *Nilssen*. Namely, in *Nilssen*, the Court found that the party requesting expert fees intentionally engaged in inequitable conduct before the Patent and Trademark Office. 2007 WL 25771, at *7. The Court did not make such a finding here.

The amount of expert fees and costs requested by NT, however, is problematic. Rule 26(b)(4)(E) requires expert fees to be "reasonable." NT requests $72,426.74 in expert-witness fees and travel-related costs related to sitting and preparing for the depositions of Dr. Brody and Mr. Egan. Peerless points out that this amount is almost double what it spent putting up its two expert witnesses for depositions. (*See* Dkt. No. 317, ¶ 8.) Peerless objects to Dr. Brody's hourly rate ($395), which the Court finds reasonable. *See Nilssen*, 2007 WL 25771, at *5 (allowing a $450/hour hourly rate for an expert witness in a patent case).

Peerless also objects to the amount of deposition-preparation time billed by Dr. Brody (128.5 hours) and Mr. Egan (35 hours), relative to the actual sitting time of their depositions (23.5 and 5.5 hours, respectively). This case involved extensive document review, complex issues, and lengthy expert reports. Therefore, the formula employed by in *Nilssen* to determine a reasonable number of hours for deposition-preparation time is appropriate, which is a ratio of three times the length of the deposition. *Id.* For Dr. Brody's deposition, this amounts to 23.5 hours of sitting for the

deposition plus 70.5 hours for deposition preparation, which totals 94 hours. This multiplied by an hourly rate of $395 equals $37,130.00. For Mr. Egan's deposition, this amounts to 5.5 hours sitting for the deposition plus 16.5 hours for preparing for the deposition, which totals 22 hours. This multiplied by an hourly rate of $495 (which Peerless does not object to) equals $10,890.00. Accordingly, NT is awarded a total of $48,020.00, pursuant to Rule 26(b)(4)(E).

NT does not object to Peerless's Rule 26(b)(4)(E) request but asks that if the Court limits either side's recovery of expert fees and costs, such limitations should be applied to both sides equally. Such a resolution is reasonable. Therefore, the above formula is applied equally to Peerless's request. Peerless's invoices indicate that Mr. Starkey sat for his deposition on May 13-14, 2010. (Dkt. No. 318, Ex. 8 at 12.) Although Peerless has not provided the exact number of hours Mr. Starkey sat for his deposition, a reasonable estimation is possible from Mr. Starkey's invoices. On May 13, 2010, Mr. Starkey sat for 8 hours (9.45 hours – 1.5 hours for deposition preparation, rounded to 8). (*Id.*) On May 14, 2010, Mr. Starkey billed 8 hours to "finish[ing] deposition [and] travel" – allocating 5 hours of this time towards the deposition is reasonable. (*Id.*) Therefore, for Mr. Starkey's deposition, this amounts to 13 hours of sitting for the deposition plus 39 hours for deposition preparation, which totals 52 hours. This multiplied by an hourly rate of $325 equals $16,900.00. Ms. Kedrowski only billed 16 hours total for sitting and preparing for her deposition at a rate of $495 an hour. This total is certainly reasonable so the formula need not be applied. Therefore, the cost

13

related to Ms. Kedrowski's deposition is $7,920.00. Accordingly, Peerless is awarded a total of $24,820.00, pursuant to Rule 26(b)(4)(E).

## CONCLUSION

For the reasons set forth above, Peerless's Bill of Costs [316] is granted in part and denied in part. Peerless is awarded a total of $77,336.12 on its Bill of Costs.[3] Peerless's request for expert-witness fees and costs pursuant to Rule 26(b)(4)(E) [316] is granted in part and denied in part. Peerless is awarded a total of $24,820.00, pursuant to Rule 26(b)(4)(E). Accordingly, Peerless is awarded total costs of $102,156.12.

NT's Motion for Reimbursement of Discovery-Related Expert Fees and Costs Pursuant to Fed. R. Civ. P. 26(b)(4)(E) [317, 318] is granted in part. NT is awarded a total of $48,020.00, pursuant to Rule 26(b)(4)(E).

Date: Sept. 1, 2011

JOHN W. DARRAH
United States District Court Judge

---

[3] As set forth in this Opinion, this amount reflects the denial of costs as follows: $30 (service of summons and subpoena); $8,688.90 (rough ASCII deposition transcripts); $1,813.37 (copying of deposition exhibits); $1,400 (video depositions); and $385 (CD Depo Litigation Package).